# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-00103-RLV-DCK

| | |
|---|---|
| RICHARD BRENNAN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    **ORDER**<br>) |
| CAROLINA COACH & CAMPER, LLC;<br>AND STEVEN WELLS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** pursuant to a *sua sponte* review of the Court's subject matter jurisdiction. The Court has determined that, based on the pleadings, as each are currently plead, it may lack subject matter jurisdiction over this matter. Accordingly, Plaintiff and Defendant Carolina Coach & Camper, LLC are ordered to amend their Complaint and Counterclaim, respectively, within **THIRTY (30) DAYS** of this Order so as to satisfy the jurisdictional questions highlighted below. If the Court's jurisdictional inquiry is not answered satisfactorily within that timeframe, the Court will order the Complaint and Counterclaim dismissed. See Fed. R. Civ. Pro. 12(h)(3).

**I.      BACKGROUND**

On August 7, 2015, Plaintiff filed the instant lawsuit in this Court against Defendants Carolina Coach & Camper, LLC ("Defendant Carolina Coach") and Steven Wells ("Defendant Wells"). [Doc. No. 1]. In the Complaint, Plaintiff seeks monetary damages and equitable relief arising from the sale of a Mandalay 43C motorcoach by Defendant Carolina Coach. After the

Complaint was filed, Defendant Carolina Coach answered and filed a Counterclaim against Plaintiff. [Doc. No. 12] at pp. 9-11.

Plaintiff's Complaint alleges this Court has subject matter jurisdiction over this dispute and has invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. No. 1]. Defendant's Counterclaim does not explicitly allege whether diversity jurisdiction is met. [Doc. No. 12] at pp. 9-11. In the Complaint, Plaintiff alleges that Defendant Carolina Coach is a limited liability corporation formed and "existing" under the laws of the State of North Carolina. [Doc. No. 1] at p. 1 (¶ 2). Defendant Wells is alleged to be a citizen and resident of the State of North Carolina. Id. at p. 1 (¶ 3). The Complaint also alleges that Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania. Id. at p. 1 (¶ 1). The Complaint alleges that the amount in controversy exceeds $75,000.00. Id. at p. 1 (¶ 4). Defendant Carolina Coach's Counterclaim makes similar allegations, though the Counterclaim does allege that Defendant's principle place of business is in Catawba County, North Carolina. [Doc. No. 12] at pp. 9-11 (¶¶ 1-3). Neither pleading alleges more jurisdictional facts than those recited herein.

**II. DISCUSSION**

Federal district courts are courts of limited jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." Jadhav, 555 F.3d at 347 (citing Bowles v. Russell, 551 U.S. 205 (2007)). Indeed, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). The Fourth Circuit has consistently held that "before a federal court can decide the merits of a claim,

the claim must invoke the jurisdiction of the court." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008); Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 260 (4th Cir. 2005).

Moreover, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010); see McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); see also Snead v. Bd of Educ. of Prince George's Cnty, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. See Arbaugh, 546 U.S. at 506-07. This is because "jurisdiction goes to the very power of the court to act." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction exists when complete diversity of citizenship exists among the parties . . . ." Skeens v. Alpha Natural Res., Inc., 583 Fed. App'x 200, 201 (4th Cir. 2014). "Complete diversity" means "that the citizenship of every plaintiff must be different from the citizenship of every defendant." Schneider v. CCC-Boone, LLC, 2014 U.S. Dist. LEXIS 163663, at *4 (W.D.N.C. 2014) (Voorhees, J.) (citing Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011)); see also Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014) ("[T]he citizenship of each plaintiff must be different from the citizenship of each defendant."). Citizenship, for diversity purposes, is determined at the time the

suit is filed. See Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570-71 (2004); Jones v. CertusBank NA, 605 Fed. App'x 218, 219 (4th Cir. June 9, 2015) (per curiam).

When filing an action in federal court, "[t]he burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)); accord Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty., 523 F.3d 453, 459 (4th Cir. 2008). However, when an action is removed to federal court, the burden of showing diversity is on the removing party. See, e.g., Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Osia v. Rent-A-Center, Inc., 2015 U.S. Dist. LEXIS 82999, at *11 (D. Md. June 25, 2015).

With respect to corporations and other legally-created entities, specific diversity rules apply. Importantly, the citizenship of a limited liability company is determined by the citizenship of all of its members. See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." (citations omitted)). Further, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); accord Cent. W. Va. Energy Co., 636 F.3d at 103.

It is clear in this case that Plaintiff's Complaint and Defendant's Counterclaim raise only questions of state law and that the Court could have only diversity jurisdiction over this matter. The Complaint and Counterclaim, however, fail to show the citizenship of the Defendant Carolina

Coach. See [Doc. No. 1] at p. 1 (¶ 2); [Doc. No. 12] at p. 9 (¶ 1). Defendant Carolina Coach is alleged to be a limited liability corporation created and "existing" under North Carolina law, with its principle place of business in Catawba County, North Carolina. While these allegations may in fact be true, they are insufficient under federal law to establish diversity of citizenship. Rather, because Defendant Carolina Coach is a limited liability corporation, the Complaint and Counterclaim must allege the citizenship of all of the Defendant's constituent members. See Gen. Tech. Applications, Inc., *supra*, at 121.

Because the Complaint and Counterclaim fail to show Defendant Carolina Coach's citizenship, the Court is not able to determine whether it has subject matter jurisdiction over this proceeding. Consequently, the Court is required to dismiss this action, unless Plaintiff and Defendant file amendments to their Complaint and Counterclaim, respectively, alleging sufficient facts to show the Court's jurisdiction.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiff and Defendant Carolina Coach file, within **THIRTY (30) DAYS** of the date of this Order, an amendment to their Complaint and Counterclaim, respectively, alleging sufficient facts to show the Court's jurisdiction and the citizenship of the Defendant Carolina Coach.

**SO ORDERED**.

Signed: October 28, 2015

Richard L. Voorhees
United States District Judge